J. H. NEWMAN, JACKSONVILLE, FLA., HUSBAND AND SOLE HEIR AT LAW OF ESSIE NEWMAN, NEE WANNAMAKER, DECEASED, AND CATHERINE GREEN, NEE WANNAMAKER, AND HUSBAND, DAVID GREEN, DELRAY, FLORIDA, *Plaintiffs in Error*, v. FLORIDA WESTERN & NORTHERN RAILROAD COMPANY, A CORPORATION, JESSE WANNAMAKER, JR., W. PALM BEACH, FLA., MINNIE E. SOLE, NEE WANNAMAKER, APT. 57, 274 W. 140TH ST., NEW YORK CITY, N. Y., ALVOID WANNAMAKER, W. PALM BEACH, ALVITA MAXWELL AND LAWRENCE MAXWELL, PHILADELPHIA, PA., SOLE HEIRS AT LAW OF MARIE MAXWELL, NEE WANNAMAKER, *Defendants in Error.*

Division B.

Opinion Filed July 12, 1926.

PER CURIAM.—The bill of complaint herein does not show a right to partition as against an adjudication in condemnation proceedings made a part of the bill.

A Writ of Error to the Circuit Court for Palm Beach County; C. E. Chillingworth, Judge.

Affirmed.

*I. L. Purcell,* for Plaintiffs in Error.

No appearance for Defendants in Error.

PER CURIAM.—In a suit for partition it is alleged that Jesse C. Wannamaker was at the time of his death the owner and in possession of described lands, and that named persons alleged to be his heirs are entitled to stated interests in the lands aggregating six-sevenths thereof, and that the appellee railroad company is entitled to one-seventh, being the share of the widow of the intestate. A demurrer of the railroad company was sustained and a demurrer of the other defendants was overruled and the complainants appealed.

A verdict and judgment in condemnation proceedings are made a part of the bill of complaint, and they show that in such proceedings brought by the railroad company against Jesse C. Wannamaker, *et al.*, the jury found "that the compensation to be made the defendant Rebecca Wannamaker, a widow, is $4500; that there is no estate in said land other than that of the defendant Rebecca Wannamaker, a widow."

The judgment adjudged "that said verdict is in accordance with the law and the evidence and is true and correct," and that the land in controversy "is hereby appropriated to the petitioner, Florida Western & Northern Railroad Company, a corporation, and it shall have the right to use the property taken for the purpose of right of way and/or terminal facilities and that said land be, and the same is, hereby vested in said petitioner, Florida Western

& Northern Railroad Company, a corporation as aforesaid, upon said petitioner paying to the respondent Rebecca Wannamaker the sum of Forty-five hundred ($4500) Dollars, as damages, and the further sum of Two Hundred Fifty ($250) as attorney's fees, being the total amount of compensation to which said respondent is entitled.''

The bill alleges that the complainants were not made parties to the condemnation proceedings and that judgment was not entered against them, or either of them, but the bill of complaint seeking partition does not allege facts to show a right to partition as against the adjudication in favor of the railroad company in the condemnation proceedings made a part of the bill of complaint, whatever may be the rights of the other parties among themselves as to the proceeds of the condemnation proceedings.

Affirmed.

WHITFIELD, P. J., AND TERRELL AND BUFORD, J. J., concur.

BROWN, C. J., AND ELLIS AND STRUM, J. J., concur in the opinion.